# STATE OF NORTH CAROLINA

DURHAM COUNTY
FILED
MAY 13 2016
AT 2:03 O'CLOCK P M
BY
CLERK OF SUPERIOR COURT

File No. 16 CVS 003067

_____ Durham _____ County

In The General Court Of Justice
☐ District  ☒ Superior Court Division

| | |
|---|---|
| *Name Of Plaintiff*<br>VETINA L. ANDREWS | |
| *Address*<br>c/o J. Heydt Philbeck 434 Fayetteville Street, Suite 2500 | **CIVIL SUMMONS** |
| *City, State, Zip*<br>Raleigh NC 27601 | ☐ ALIAS AND PLURIES SUMMONS (ASSESS FEE) |
| **VERSUS** | G.S. 1A-1, Rules 3, 4 |
| *Name Of Defendant(s)*<br>WOOD REAL ESTATE INVESTORS, L.L.C.<br>and WOOD PARTNERS, L.L.C. | *Date Original Summons Issued* |
| | *Date(s) Subsequent Summons(es) Issued* |

### To Each Of The Defendant(s) Named Below:

| | |
|---|---|
| *Name And Address Of Defendant 1*<br>WOOD REAL ESTATE INVESTORS, L.L.C.<br>c/o Corporation Service Company<br>327 Hillsborough Street<br>Raleigh NC 27603 | *Name And Address Of Defendant 2* |

### A Civil Action Has Been Commenced Against You!

You are notified to appear and answer the complaint of the plaintiff as follows:

1. Serve a copy of your written answer to the complaint upon the plaintiff or plaintiff's attorney within thirty (30) days after you have been served. You may serve your answer by delivering a copy to the plaintiff or by mailing it to the plaintiff's last known address, and

2. File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

| | | |
|---|---|---|
| *Name And Address Of Plaintiff's Attorney (If None, Address Of Plaintiff)*<br>J. Heydt Philbeck<br>Bailey & Dixon, LLP<br>434 Fayetteville Street, Suite 2500<br>Raleigh NC 27601 | *Date Issued*<br>MAY 1 3 2016 | *Time*<br>2:03 ☐ AM ☒ PM |
| | *Signature*<br>Elizabeth Tapley | |
| | ☒ Deputy CSC  ☐ Assistant CSC  ☐ Clerk Of Superior Court | |

| | | |
|---|---|---|
| ☐ **ENDORSEMENT (ASSESS FEE)**<br>This Summons was originally issued on the date indicated above and returned not served. At the request of the plaintiff, the time within which this Summons must be served is extended sixty (60) days. | *Date Of Endorsement* | *Time*<br>☐ AM ☐ PM |
| | *Signature* | |
| | ☐ Deputy CSC  ☐ Assistant CSC  ☐ Clerk Of Superior Court | |

**NOTE TO PARTIES:** *Many counties have **MANDATORY ARBITRATION** programs in which most cases where the amount in controversy is $15,000 or less are heard by an arbitrator before a trial. The parties will be notified if this case is assigned for mandatory arbitration, and, if so, what procedure is to be followed.*

AOC-CV-100, Rev. 6/11
© 2011 Administrative Office of the Courts

(Over)

**EXHIBIT A**

## RETURN OF SERVICE

I certify that this Summons and a copy of the complaint were received and served as follows:

### DEFENDANT 1

| Date Served | Time Served | ☐ AM ☐ PM | Name Of Defendant |
|---|---|---|---|

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

*Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)*

☐ Other manner of service *(specify)*

☐ Defendant WAS NOT served for the following reason:

### DEFENDANT 2

| Date Served | Time Served | ☐ AM ☐ PM | Name Of Defendant |
|---|---|---|---|

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

*Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)*

☐ Other manner of service *(specify)*

☐ Defendant WAS NOT served for the following reason.

| Service Fee Paid $ | Signature Of Deputy Sheriff Making Return |
|---|---|
| Date Received | Name Of Sheriff (Type Or Print) |
| Date Of Return | County Of Sheriff |

AOC-CV-100, Side Two, Rev. 6/11
© 2011 Administrative Office of the Courts

# STATE OF NORTH CAROLINA

_____ Durham _____ County

DURHAM COUNTY
**FILED**
MAY 13 2016
AT 2:07 O'CLOCK P M
BY _____
CLERK OF SUPERIOR COURT

File No. **16 CVS 003067**

In The General Court Of Justice
☐ District  ☒ Superior Court Division

**Name Of Plaintiff**
VETINA L. ANDREWS

**Address**
c/o J. Heydt Philbeck 434 Fayetteville Street, Suite 2500

**City, State, Zip**
Raleigh     NC    27601

## CIVIL SUMMONS
☐ ALIAS AND PLURIES SUMMONS (ASSESS FEE)

G.S. 1A-1, Rules 3, 4

**VERSUS**

**Name Of Defendant(s)**
WOOD REAL ESTATE INVESTORS, L.L.C.
and WOOD PARTNERS, L.L.C.

**Date Original Summons Issued**

**Date(s) Subsequent Summons(es) Issued**

---

### To Each Of The Defendant(s) Named Below:

**Name And Address Of Defendant 1**
WOOD PARTNERS, L.L.C.
c/o Corporation Service Company
40 Technology Parkway South, Suite 300, Ben Hill,
Norcross      GA   30092

**Name And Address Of Defendant 2**

---

### A Civil Action Has Been Commenced Against You!

You are notified to appear and answer the complaint of the plaintiff as follows:

1. Serve a copy of your written answer to the complaint upon the plaintiff or plaintiff's attorney within thirty (30) days after you have been served. You may serve your answer by delivering a copy to the plaintiff or by mailing it to the plaintiff's last known address, and

2. File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

| Name And Address Of Plaintiff's Attorney (If None, Address Of Plaintiff) | Date Issued MAY 1 3 2016 | Time 2:07 ☐ AM ☒ PM |
|---|---|---|
| J. Heydt Philbeck | Signature *Elizabeth Tapley* | |
| Bailey & Dixon, LLP | | |
| 434 Fayetteville Street, Suite 2500 | ☒ Deputy CSC ☐ Assistant CSC ☐ Clerk Of Superior Court | |
| Raleigh    NC   27601 | | |

---

| ☐ ENDORSEMENT (ASSESS FEE) | Date Of Endorsement | Time ☐ AM ☐ PM |
|---|---|---|
| This Summons was originally issued on the date indicated above and returned not served. At the request of the plaintiff, the time within which this Summons must be served is extended sixty (60) days. | Signature | |
| | ☐ Deputy CSC ☐ Assistant CSC ☐ Clerk Of Superior Court | |

**NOTE TO PARTIES:** *Many counties have **MANDATORY ARBITRATION** programs in which most cases where the amount in controversy is $15,000 or less are heard by an arbitrator before a trial. The parties will be notified if this case is assigned for mandatory arbitration, and, if so, what procedure is to be followed.*

AOC-CV-100, Rev. 6/11
© 2011 Administrative Office of the Courts

(Over)

## RETURN OF SERVICE

I certify that this Summons and a copy of the complaint were received and served as follows:

### DEFENDANT 1

| Date Served | Time Served ☐ AM ☐ PM | Name Of Defendant |
|---|---|---|

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

*Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)*

☐ Other manner of service *(specify)*

☐ Defendant WAS NOT served for the following reason:

### DEFENDANT 2

| Date Served | Time Served ☐ AM ☐ PM | Name Of Defendant |
|---|---|---|

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

*Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)*

☐ Other manner of service *(specify)*

☐ Defendant WAS NOT served for the following reason.

| Service Fee Paid | Signature Of Deputy Sheriff Making Return |
|---|---|
| $ | |
| Date Received | Name Of Sheriff (Type Or Print) |
| Date Of Return | County Of Sheriff |

AOC-CV-100, Side Two, Rev. 6/11
© 2011 Administrative Office of the Courts

STATE OF NORTH CAROLINA

DURHAM COUNTY

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
FILE NO:

DURHAM COUNTY
FILED
MAY 13 2016
AT 2:03 O'CLOCK P M
BY
CLERK OF SUPERIOR COURT

| | |
|---|---|
| VETINA L. ANDREWS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| WOOD PARTNERS, L.L.C. | ) |
| and WOOD REAL ESTATE | ) |
| INVESTORS, L.L.C., | ) |
| | ) |
| Defendants. | ) |

COMPLAINT

NOW COMES plaintiff VETINA L. ANDREWS ("Plaintiff"), by and through counsel

and pursuant to N.C. R. Civ. P. 8, complaining against defendant WOOD PARTNERS, L.L.C.

(individually "Wood Partners" and collectively "Defendants") WOOD REAL ESTATE

INVESTORS, L.L.C. (individually "WREI" and collectively "Defendants"), alleges and says as

follows:

<u>PARTIES AND JURISDICTION</u>:

1.      Jurisdiction of this cause arises from Defendants' dismissal of Plaintiff in

violation of *Age Discrimination Employment Act of 1967* as codified in 29 U.S.C.A. §§ 621, *et*

*seq.* ("ADEA").

2.      Plaintiff is a citizen and resident of Wake County, North Carolina.  At the time of

all material facts alleged herein, Plaintiff was aged older than forty (40) years of age.  Plaintiff

was born in year 1961.

3.      On information and belief and at all times relevant herein, defendant Wood

Partners is, and has been, a foreign limited liability company organized and existing under the

laws of Georgia with its principal office in Fulton County, Georgia and a registered office

located in Durham County, North Carolina, from where it frequently conducts business and assigns employees to conduct work on its behalf.

4. On information and belief and at all times relevant herein, defendant WREI is, and has been, a foreign corporation organized and existing under the laws of Delaware with its principal office address in Fulton County, Georgia and a registered office address in Durham County, North Carolina, from where it frequently conducts business and assigns employees to conduct work on its behalf.

5. On information and belief and at all times relevant herein, the North Carolina Secretary of State has issued defendant WREI a valid certificate of authority to engage in commerce in North Carolina and WREI has regularly conducted business in North Carolina.

6. At all times relevant herein, Defendants have been an employer, as defined by 29 U.S.C. §630(b) and all of Defendants' employees acted at the direction of, on behalf of, or at the request of Defendants, and/or were otherwise acting within the course and scope of each such referenced employee's employment as an agent of Defendants, and as such, all acts of any such referenced employee are attributable to Defendants.

7. At all times relevant herein, Plaintiff's supervisors, as alleged herein, were employed by Defendants and were empowered to make final corporate decisions regarding Plaintiff's status of employment on behalf of Defendants.

8. At all times relevant herein, Defendants have each been an employer engaged in an industry affecting commerce and have each had twenty (20) or more employees for each working day in each of twenty (20) or more calendar weeks in the current and preceding calendar year.

2

9.    Subject matter jurisdiction is conferred on this court pursuant to N.C. Gen. Stat. §7A-240, *et seq.*

10.   Durham County is the proper venue for this action under N.C. Gen. Stat. § 1-77 and § 1-80.

## ADMINISTRATIVE REMEDIES:

11.   On February 3, 2016, Plaintiff timely filed a charge of discrimination ("charge") with the United States Equal Employment Opportunity Commission ("EEOC") within 180 days of the unlawful practices, as alleged herein, and 60 or more days have elapsed since the filing of the charge, pursuant to 29 U.S.C. § 626(d). A true copy of the above-referenced charge is attached hereto as Exhibit A and is incorporated herein by reference.

12.   In reference to the charge, the EEOC failed to effect voluntary compliance with the requirements of the ADEA on the part of Defendants through conciliation, conference, and/or persuasion.

13.   On February 16, 2016, the EEOC issued Plaintiff a notice of rights to file a civil action ("notice") relating to the above-referenced charge of discrimination. Plaintiff received the notice on or after February 18, 2016. A true copy of the notice of rights is attached hereto as Exhibit B and is incorporated herein by reference.

14.   Plaintiff has filed this action as a person aggrieved and within 90 days after she first received the notice of rights from the EEOC, pursuant to 29 U.S.C. §626(c) and (e).

15.   Plaintiff has satisfied all private administrative and judicial prerequisites for the proper institution of this action.

3

## COMMON FACTUAL ALLEGATIONS:

16.    On information and belief and at all times relevant herein, Defendants are, and have been,, regularly engaged in commerce throughout the United States with offices in Georgia, Texas, Washington, California, Illinois, and North Carolina among others.

17.    Throughout the United States, on information and belief, Defendants have acquired and have developed real estate in addition to having managed multiple assets and real property of others throughout the United States, including North Carolina.

18.    On information and belief, Defendants are independent legal entities whose business activities and dealings are so intertwined related with a common nucleus of operations that employees of one entity are also in essence employees of the other entity.

18.    From around March 1995 to around October 2009, Defendants' predecessor company and later Defendants employed Plaintiff and assigned her to their office in Durham County, North Carolina. During this initial tenure, Defendants assigned Plaintiff to various positions, including assistant property manager, development coordinator, and event planner. In October 2009, Plaintiff left her employment in good standing to pursue another professional opportunity.

19.    On or about February 13, 2015, Plaintiff interviewed with Defendants to be considered for re-employment in a then vacant assistant project manager position. Defendants' manager, Carter Siegel interviewed Plaintiff on behalf of Defendants.

20.    The referenced vacant position was similar to the position held by Plaintiff during her initial work tenure for Defendants, but with one exception: the position did not include any duties as a design coordinator.

4

21.     At the end of her interview, Defendants through Siegel offered Plaintiff the referenced vacant position for her to begin employment in February 2016. The parties agreed that Plaintiff's salary would be $60,000.00 *per annum,* plus benefits including insurance and paid vacation for 3 weeks per year.

22.     Defendants employed Plaintiff as an assistant project manager from March 11, 2015 until her termination on January 13, 2016. Although Defendants assigned Plaintiff to work from Defendants' offices in Durham County, North Carolina, Defendants assigned Melanie Waters ("Waters") of Defendants' offices in Fulton County, Georgia to serve as Plaintiff's immediate supervisor. Waters is believed to be aged in her early 40's.

21.     At all relevant times herein, Plaintiff excelled in her work performance for Defendants and satisfied all of Defendants' legitimate work expectations. Unless specifically alleged otherwise herein, Defendants have always evaluated Plaintiff's work performance to be outstanding overall.

22.     At no time during her tenure of employment for Defendants did Plaintiff ever receive any disciplinary complaints, investigations, actions, sanctions or counseling. At all times relevant herein, Plaintiff maintained a "clean" work record free of any disciplinary actions or concerns.

23.     At no time during Plaintiff's work tenure did Waters ever express any legitimate concern or dissatisfaction with Plaintiff in any way, including Plaintiff's outstanding work performance, communication skills, and interpersonal relationships.

24.     Around August 2015, Waters and various co-workers both within and outside Waters' supervisory chain ("cohorts") began treating Plaintiff differently. On information and

5

belief, Waters and her cohorts treated Plaintiff differently because of her age being in her 50's when the other employees were substantially younger than Plaintiff.

25.     On information and belief, Waters and her cohorts disliked Plaintiff because of her maturity based on age and how it influenced the manner in which she conducted business. For example, Plaintiff refused to engage in gossip about other employee with Waters and the cohorts and Plaintiff would generally not socialize with Waters and her cohorts after work hours.

26.     Because of Plaintiff's age, Defendants' employees continued to alienate Plaintiff to such an extent that it that carried over into interfering with Plaintiff performing her work duties.

27.     Around October 2015, some of Defendants' employees, including managers would ignore Plaintiff's emails and refuse to return her calls.  Plaintiff complained to Defendants' managers about this ostracism by Defendants' managers and co-workers.  However, Defendants' managers failed to remediate the ostracism of Plaintiff by the referenced managers and employees.

28.     On information and belief and at all times relevant herein, Defendants' managers and employees ostracized Plaintiff in not "fitting" with their younger culture and younger social groups because of her age.

29.     Waters failed to provide Plaintiff with training, including training in the use of the Yardi software system.   A working knowledge of Defendants' Yardi system was necessary to properly process contracts and invoices as part of Plaintiff's work duties.

30.     Throughout Fall of 2015, Waters continued to treat Plaintiff in an unfriendly and distant manner, such as avoiding eye contact to the extent that it interfered with Plaintiff's work.

6

31.    Around November 16, 2015, Waters met with Plaintiff to review her work performance evaluation of Plaintiff.  Plaintiff was shocked by Waters arbitrarily rating her with a "2-Improvement Needed" for the "Productivity" category.  Plaintiff discussed with Waters her concerns about the arbitrary rating and how it was completely inconsistent with their discussion about her work performance in October 2015.

32.    When asked to justify her evaluation of Plaintiff for "Productivity," Waters explained that the evaluation was not based on Plaintiff's productivity for the past year, but for the work that Waters anticipated Plaintiff would receive in 2016—work yet to be assigned.

33.    Waters offered to upgrade her evaluation of Plaintiff's productivity from a "2" to a "2.5" if Plaintiff would sign the evaluation.  Plaintiff reluctantly agreed—even though she disagreed with the arbitrary  evaluation for "future" work—because there was no internal appeal process. A true copy of Plaintiff's work evaluation from October/November 2015 is attached hereto as Exhibit C and incorporated herein by reference.

34.    On information and belief, Waters unreasonable and erroneous work performance evaluation of Plaintiff's productivity was an  initial step for Waters to be able to "build a case" against Plaintiff for pretextual purposes of ultimately terminating her employment because a of her age along with her not "fitting in" with other managers and employees because of her age.

35.    Also around this time, Waters was directing Plaintiff not to attend various meetings and refused to require a coworker to respond to her emails and/or phone calls in an effort to keep Plaintiff isolated from her peers to "justify" an upcoming termination of Plaintiff for pretextual purposes.

7

36. In December 2015, Plaintiff complained to Defendants' managers about the hostility she faced in the workplace because of her age. However, Defendants' managers failed to remediate the hostile work environment that Plaintiff was requested to continue to endure.

37. On January 13, 2016, Defendants' human resources ("HR") manager called Plaintiff into the former's office for a meeting. In addition to Defendants' HR manager, Waters was also present at this meeting via telephone. During this meeting, Defendants informed Plaintiff that her employment was terminated effective immediately.

38. Defendants provided Plaintiff with no reason for the termination even though Plaintiff had worked for Defendants for a collective period of 15 years without ever receiving any disciplinary sanction or counseling.

FIRST CLAIM FOR RELIEF:
(Age Discrimination under ADEA)

39. The foregoing allegations are hereby realleged and fully incorporated herein by reference as if fully set forth herein.

40. On information and belief, Defendant intentionally discriminated against Plaintiff because of her age in violation of the ADEA when it terminated Plaintiff's employment effective January 13, 2016 for no legitimate business purpose.

41. Although Defendants did not inform Plaintiff as to the reason why it terminated her employment, any reason Defendants assert now (and allegedly then) is not the true reason, but instead serves as a pretext to discriminate against Plaintiff because of her age.

42. On information and belief, following her termination, Plaintiff's job duties were assumed by an individual(s) who was (were) substantially younger than Plaintiff and also lacked Plaintiff's experience.

8

43.     As a direct and proximate result of Defendant's actions, as alleged herein,

Plaintiff has suffered harm, losses, and damages in an amount to be proven at trial, but in excess

of $25,000.00.

44.     On information and belief, Defendants' conduct, as alleged herein, exhibited

malice, recklessness, and/or a callous indifference to Plaintiff's rights and protections under the

ADEA.

## SECOND CLAIM FOR RELIEF:
### (Retaliation under ADEA)

45.     The foregoing allegations are hereby realleged and fully incorporated herein by

reference as if fully set forth herein.

46.     Plaintiff engaged in protected activity pursuant to the ADEA when she

complained to Defendants' managers of her concerns about being subjected to age discrimination

by Defendants' managers and employees at interval times from September 2015 to December

2015, inclusive.

47.     Plaintiff experienced an adverse employment action when Defendants terminated

Plaintiff from her employment effective January 13, 2016.

48.     On information and belief, Defendants' dismissal of Plaintiff effective January 13,

2016 was directly and proximately caused by Plaintiff's multiple engagement in protected

activity under ADEA, as alleged herein.

49.     On information and belief, Defendants knowingly and intentionally violated

Plaintiff's rights and protections under the ADEA when Defendants dismissed Plaintiff from her

employment effective January 13, 2016.

9

50. Any purported "legitimate reason" submitted by Defendants at the time of termination or anytime thereafter is a pretextual "reason" to have discriminated against Plaintiff because of her age.

51. As a direct and proximate result of Defendants' retaliation against Plaintiff, as alleged herein, Plaintiff has incurred harms, losses and other damages in an amount to be determined at trial, but in excess of $25,000.00.

## DEMAND FOR JURY TRIAL:

Pursuant to N.C. R. Civ. P. 38 and 42 U.S.C. § 626(c)(2), Plaintiff hereby demands a trial by jury for all triable issues of fact.

## PRAYER FOR RELIEF:

WHEREFORE, Plaintiff prays unto the Court as follows:

1. That Plaintiff receive judgment against Defendants jointly and severally for all back pay in the form of lost wages and fringe benefits, from the time of termination through the date of trial less any legally appropriate set-offs, if any, pursuant to 29 U.S.C. § 626(b);

2. That for her retaliation claim, Plaintiff receive judgment against Defendants jointly and severally forany and all compensatory damages she incurred as a result of Defendants' retaliation against her;

3. That the Court issue an order requiring Defendants to reinstate Plaintiff to the position she held at the time of termination with no loss of seniority or benefits, unless reinstatement is not feasible, in which case, an order requiring Defendants jointly and severally to pay Plaintiff front pay for a period of time until she is made whole as required by statute, pursuant to 29 U.S.C. § 626(b);

10

4.     That the Court retain jurisdiction over this action until Defendants have fully complied with the order of this Court;

5.     That Plaintiff be awarded liquidated and/or punitive damages against Defendants jointly and severally for willful violations of the ADEA, pursuant to 29 U.S.C. § 626(b);

6.     That Plaintiff be awarded her costs in this action, including without limitation an award of attorneys' fees, pursuant to 29 U.S.C. § 216(b), as incorporated into the ADEA by 29 U.S.C. § 626(b) and pursuant to 42 U.S.C. § 1988.

7.     That Plaintiff receive a jury trial on all matters so triable; and

8.     That the Court grant Plaintiff such other and further relief as the Court deems just and proper.

This the 13th day of May, 2016.

BAILEY & DIXON, LLP

By:

J. HEYDT PHILBECK
434 Fayetteville Street, Suite 2500
Raleigh, North Carolina 27601
Telephone: (919) 828-0731
Email: hphilbeck@bdixon.com

*Attorneys for Plaintiff*

11

EXHIBIT
A

EEOC Form 5 (11/09)

# CHARGE OF DISCRIMINATION

RECEIVED
US EEOC
RALEIGH AO

2016 FEB -3 PM 3:01

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act
Statement and other information before completing this form.

| Charge Presented To: | Agenc... |
|---|---|
| ☐ FEPA | |
| ☒ EEOC | **433-2016-01222** |

and EEOC

State or local Agency, if any

| Name (Indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| **Ms. Vetina L. Andrews** | **(919) 641-9511** | **09-12-1961** |

| Street Address | City, State and ZIP Code |
|---|---|
| **1813 Lake Glen Drive, Fuquay Varina, NC 27526** | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe
Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| **WOOD PARTNERS** | **201 - 500** | **(919) 401-2787** |

| Street Address | City, State and ZIP Code |
|---|---|
| **3211 Shannon Road, #410, Durham, NC 27707** | |

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

| DISCRIMINATION BASED ON *(Check appropriate box(es).)* | DATE(S) DISCRIMINATION TOOK PLACE |
|---|---|
| | Earliest        Latest |

☐ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☐ RETALIATION  ☒ AGE  ☐ DISABILITY  ☐ GENETIC INFORMATION
☐ OTHER *(Specify)*

DATE(S) DISCRIMINATION TOOK PLACE
Earliest                    Latest
**01-13-2016**

☐ CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

On or about March 11, 2015, I was rehired as an Assistant Project Manager with the above named
employer. On or about January 13, 2016, I was informed by Melanie Waters, Senior Manager, that my
employment had been terminated due to performance but she was unable to provide specific
examples. I deny the reason for my termination.

I believe I was discriminated against due to my age, 54, in violation of The Age Discrimination in
Employment Act of 1967, as amended.

| | |
|---|---|
| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| **Feb 03, 2016**   *Vetina Andrews*   Date        Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)* |



## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### DISMISSAL AND NOTICE OF RIGHTS

To: **Vetina L. Andrews**
1813 Lake Glen Drive
Fuquay Varina, NC 27526

From: **Raleigh Area Office**
434 Fayetteville Street, Suite 700
Raleigh, NC 27601

| | |
|---|---|
| ☐ | *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))* |

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **433-2016-01222** | **Nina N. Troxler,** Intake Supervisor | **(919) 856-4282** |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.

On behalf of the Commission

**Thomas M. Colclough,**
**Deputy Director**

*for*

*(Date Mailed)*

Enclosures(s)

cc: **Rhonda Sessoms**
**Human Resources Director**
**WOOD PARTNERS**
**3211 Shannon Road, #410**
**Durham, NC 27707**





## ASSOCIATE PERFORMANCE REVIEW

| Associate's Name (print clearly) | Tina Andrews | Date | 10-7-15 |
|---|---|---|---|
| Job Title | Assistant Project Manager | | |

Carefully evaluate the Wood Partners Associate's work performance in relation to the essential functions of the Job. Indicate the Associate's performance by entering the appropriate number on the line provided.

| 5-Exceptional | Performance is exceptional in all areas and is recognizable as being superior. |
|---|---|
| 4-Very Good | Results clearly exceed position requirements. |
| 3-Good | A competent and dependable level of performance. Meets standard requirements of the Job. |
| 2-Improvement needed | Performance is deficient. Improvement is necessary. |
| 1-Unsatisfactory | Results are unacceptable and require immediate improvement. |

| Supervr Rating | Self Rating | |
|---|---|---|
| 4 | 4 | **Quality** - The extent to which your work is accurate and thorough. |
| | | Comments and specific examples:<br><br>The work produced by Tina is accurate. |

| Supervr Rating | Self Rating | |
|---|---|---|
| 2.5 | 3 | **Productivity** - The extent to which you produce a sufficient volume of work efficiently in the specified period of time. |
| | | Comments and specific examples:<br><br>Tina has been handling 2 deals over the past nine month and assisted with |

closeout on Liberty Mill. Tina has worked diligently on these three deals and has been able to complete her job responsibilities for each deal. Moving forward, the East pipeline anticipates 5+ projects opening per year and 10+ in the planning/construction phase. This upcoming pipeline is why I believe this is the area where Tina should focus for improvement on the next year.

| Supervr Rating | Self Rating | |
|---|---|---|
| 3 | 3 | **Job Knowledge** - The extent to which you possess the practical and/or technical knowledge required to accomplish the job. |
| | | Comments and specific examples:<br><br>Tina has been with the company for less than one year. She is still learning her job and working to learn additional scope. |

| Supervr Rating | Self Rating | |
|---|---|---|
| 5 | .5 | **Reliability** - The extent to which you can be relied upon regarding task completion and follow-up. |
| | | Comments and specific examples: |

| Supervr Rating | Self Rating | |
|---|---|---|
| 4 | 4 | **Communication** - The extent to which you communicate effectively with others inside the organization as well as outside through both verbal and written means. |
| | | Comments and specific examples: |

| Supervr Rating | Self Rating | |
|---|---|---|
| 4 | 4 | **Attendance** - The extent to which you are punctual, work the designated hours and have an acceptable attendance record within the Company guidelines. |
| | | Comments and specific examples: |

| Supervr Rating | Self Rating | |
|---|---|---|
| 4 | 3/4 | **Independence** - The extent to which you perform work with little to no supervision. Solve problems on your own. |
| | | Comments and specific examples:<br>Tina works in the North Carolina office so she has to be independent.  She will call the Atlanta team for help. |

| Supervr Rating | Self Rating | |
|---|---|---|
| 3/4 | 4 | **Initiative** - The extent to which you propose new ideas, find new and better ways of doing things and assume additional responsibilities when necessary. |
| | | Comments and specific examples:<br>Tina will take initiative to a certain extent.  She does need to become more confident in role which will improve her ability to take initiative. |

| Supervr Rating | Self Rating | |
|---|---|---|
| 5 | 5 | **Adherence to Policy** - The extent to which you follow rules, regulations, and adhere to Company policies. |

| Supervr Rating | Self Rating | |
|---|---|---|
| | | Comments and specific examples: |

| Supervr Rating | Self Rating | |
|---|---|---|
| 5 | 5 | **Intra Company/Interpersonal Relationships** - The extent to which you interact and your ability to cooperate, work and communicate with coworkers, supervisors, subordinates and outside contacts. How you interact as a team player. |
| | | Comments and specific examples: |

| Supervr Rating | Self Rating | |
|---|---|---|
| 4 | 4 | **Judgment** - The extent to which you demonstrate proper judgment and decision making skills when necessary. |
| | | Comments and specific examples: Tina will ask before making a decision on something she is unsure about. She will make decision if she has a clear understanding of the issue and the process to resolution. As she learns more about her role/responsibilities this will improve. |

## Complete the following sections:

**1. Special achievements and goals that have been met this period:**

| |
|---|
| 1. Improved level of confidence in my new position. |
| 2. Developed comradery and team spirit in relationships with new coworkers (construction, development, OFE Group) |

| |
|---|
| 3. Created spreadsheets and checklist that enable me to be efficient in learning and managing my position tasks. |
| 4. |
| 5. |

**2. Specific goals for upcoming period:**

| |
|---|
| 1. Continue to expand my knowledge of my position tasks, which will build confidence and improve judgement and decision making skills. |
| 2. Improve productivity and efficiency with experience and familiarization of position tasks. |
| 3. |
| 4. |
| 5. |

**3. Recommendations for professional development (expand areas for job focus, cross train in another dept, create new or improved process, lead/participate in project team, cover for someone on leave, reading & independent studies, coaching/mentoring, training seminars, etc.)**

| |
|---|
| 1. Interested in becoming more knowledgeable in construction processes and procedures to maximize my ability to assist the team. |
| 2. Excited to have the opportunity to have a role in implementing new processes and procedures within the OFE Group as our team grows and expands into new regions and markets. |
| 3. |
| 4. |
| 5. |

**4. Supervisor's comments:**

| |
|---|
| 1. I recommend Tina take a Project Management Course to assist with time and process management. |
| 2. Improve time management. Need to be more efficient based on the pipeline. |
| 3. Learn Yardi to be able to process contracts, POs and Invoices |
| 4. |
| 5. |

**5. Feedback or comments from coworkers/peers:**

| |
|---|
| 1. |
| 2. |
| 3. |
| 4. |
| 5. |

**Performance review conducted by:**          **Associate's signature:**

| | |
|---|---|
| Print: Melanie C Waters | TINA ANDREWS /Tina Andrews |
| Signature: Milani C Waters | Date: 11-16-15 |

NEOPOST
05/13/2016
US POSTAGE $007.78⁰

FIRST-CLASS MAIL

ZIP 27601
041L11257812

**CERTIFIED MAIL**

7015 3010 0001 6441 3354

BAILEY & DIXON, LLP
POST OFFICE BOX 1351
RALEIGH, NORTH CAROLINA 27602-1351

Wood Partners, LLC
c/o Corporation Service Company
40 Technology Parkway South, Suite 300, Ben Hill,
Norcross, GA 30092