IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
DURHAM DIVISION
CIVIL ACTION NO. 1:16-cv-603

| | |
|---|---|
| VETINA L. ANDREWS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| *v.* ) | AMENDED COMPLAINT |
| ) | |
| WOOD REAL ESTATE ) | |
| INVESTORS, L.L.C., ) | |
| ) | |
| Defendant. ) | |

NOW COMES plaintiff VETINA L. ANDREWS ("Plaintiff"), by and through counsel and pursuant to Fed. R. Civ. P. 8, complaining against defendant WOOD REAL ESTATE INVESTORS, L.L.C. ("Defendant"), alleges and says as follows:

PARTIES AND JURISDICTION:

1. Jurisdiction of this cause arises from Defendant's dismissal of Plaintiff in violation of *Age Discrimination Employment Act of 1967* as codified in 29 U.S.C.A. §§ 621, *et seq.* ("ADEA").

2. Plaintiff is a citizen and resident of Wake County, North Carolina. At the time of all material facts alleged herein, Plaintiff was aged older than forty (40) years of age. Plaintiff was born in year 1961.

3. On information and belief and at all times relevant herein, Defendant is, and has been, a foreign corporation organized and existing under the laws of Delaware with its principal office address in Fulton County, Georgia and a registered office address in Durham County, North Carolina, from where it frequently has conducted business and has assigned employees to conduct work on its behalf.

4. On information and belief and at all times relevant herein, the North Carolina Secretary of State has issued Defendant a valid certificate of authority to engage in commerce in North Carolina and Defendant has in fact regularly conducted business in North Carolina.

5. At all times relevant herein, Defendant has been an employer, as defined by 29 U.S.C. §630(b) and all of Defendant's employees acted at the direction of, on behalf of, or at the request of Defendant, and/or were otherwise acting within the course and scope of each such referenced employee's employment as an agent of Defendant, and as such, all acts of any such referenced employee are attributable to Defendant.

6. At all times relevant herein, Plaintiff's supervisors, as alleged herein, were employed by Defendant and were empowered to make final corporate decisions regarding Plaintiff's status of employment on behalf of Defendant.

7. At all times relevant herein, Defendant has been an employer engaged in an industry affecting commerce and have each had twenty (20) or more employees for each working day in each of twenty (20) or more calendar weeks in the current and preceding calendar year.

8. Subject matter jurisdiction is conferred on this court pursuant to N.C. Gen. Stat. §7A-240, *et seq.*

9. Durham County is the proper venue for this action under N.C. Gen. Stat. § 1-77 and § 1-80.

ADMINISTRATIVE REMEDIES:

10. On February 3, 2016, Plaintiff timely filed a charge of discrimination ("charge") against Defendant with the United States Equal Employment Opportunity Commission ("EEOC") within 180 days of the unlawful practices, as alleged herein, and 60 or more days have

2

elapsed since the filing of the charge, pursuant to 29 U.S.C. § 626(d). A true copy of the above-referenced charge is attached hereto as Exhibit A and is incorporated herein by reference.

11. In reference to the charge, the EEOC failed to effect voluntary compliance with the requirements of the ADEA on the part of Defendant through conciliation, conference, and/or persuasion.

12. On February 16, 2016, the EEOC issued Plaintiff a notice of rights to file a civil action ("notice") relating to the above-referenced charge of discrimination. Plaintiff received the notice on or after February 18, 2016. A true copy of the notice of rights is attached hereto as Exhibit B and is incorporated herein by reference.

13. Plaintiff has filed this action as a person aggrieved and within 90 days after she first received the notice of rights from the EEOC, pursuant to 29 U.S.C. §626(c) and (e).

14. Plaintiff has satisfied all private administrative and judicial prerequisites for the proper institution of this action.

## COMMON FACTUAL ALLEGATIONS:

15. On information and belief and at all times relevant herein, Defendant is, and have been,, regularly engaged in interstate commerce throughout the United States with offices in Georgia, Texas, Washington, California, Illinois, and North Carolina among others.

16. Throughout the United States, on information and belief, Defendant has acquired and has developed real estate in addition to having managed multiple assets and real property of others throughout the United States, including North Carolina.

17. From around March 1995 to around October 2009, Defendant's predecessor company and later Defendant employed Plaintiff and assigned her to Defendant's office in Durham County, North Carolina. During this initial tenure, Defendant assigned Plaintiff to

various positions, including assistant property manager, development coordinator, and event planner. In October 2009, Plaintiff left her employment in good standing to pursue another professional opportunity with another company.

18. On or about February 13, 2015, Plaintiff interviewed with Defendant to be considered for re-employment in a then vacant assistant project manager position. Defendant's manager, Carter Siegel, interviewed Plaintiff on behalf of Defendant.

19. The referenced vacant position was similar to the position held by Plaintiff during her initial work tenure for Defendant, but with one exception: the position did not include any duties related to design coordination.

20. At the end of the interview, Defendant through Siegel offered Plaintiff the referenced vacant position for her to begin employment effective February 2016. The parties agreed that Plaintiff's salary would be $60,000.00 *per annum,* plus benefits including insurance and paid vacation for 3 weeks per year.

21. Defendant employed Plaintiff as an assistant project manager from March 11, 2015 until her termination on January 13, 2016. Although Defendant assigned Plaintiff to work from Defendant's offices in Durham County, North Carolina, Defendant assigned Melanie Waters ("Waters") of Defendant's offices in Fulton County, Georgia to serve as Plaintiff's immediate supervisor. Waters is believed to be aged in her early 40's.

22. At all relevant times herein, Plaintiff excelled in her work performance for Defendant and satisfied all of Defendant's legitimate work expectations. Unless specifically alleged otherwise, Defendant has always evaluated Plaintiff's work performance to be outstanding overall.

23. At no time during her tenure of employment for Defendant did Plaintiff ever receive any disciplinary complaints, investigations, actions, sanctions or counseling. At all times relevant herein, Plaintiff maintained a "clean" work record free of any disciplinary actions or concerns.

24. At no time during Plaintiff's work tenure did Waters ever express any legitimate concern or dissatisfaction with Plaintiff in any way, including Plaintiff's outstanding work performance, communication skills, and interpersonal relationships.

25. Around August 2015, Waters and various co-workers both within and outside Waters' supervisory chain ("cohorts") began treating Plaintiff differently. On information and belief, Waters and her cohorts treated Plaintiff differently because of her age being in her "fifties" when the other employees were substantially younger than Plaintiff.

26. On information and belief, Waters and her cohorts disliked Plaintiff because of her maturity based on age and how it influenced the manner in which she conducted business. For example, Plaintiff refused to engage in gossip about other employee with Waters and the cohorts and Plaintiff would generally not socialize with Waters and her cohorts after work hours.

27. Because of Plaintiff's age, Defendant's employees continued to alienate Plaintiff to such an extent that it that carried over into interfering with Plaintiff performing her work duties.

28. Around October 2015, some of Defendant's employees, including managers, would ignore Plaintiff's emails and refuse to return her calls. Plaintiff complained to Defendant's managers about the ostracism she experienced from Defendant's other managers and co-workers. However, Defendant's managers failed to remediate the ostracism of Plaintiff by the referenced managers and employees.

29. On information and belief and at all times relevant herein, Defendant's managers and employees ostracized Plaintiff for not "fitting in" with their "younger" culture and "younger" social groups because of Plaintiff's age.

30. Waters failed to provide Plaintiff with training, including training in the use of Defendant's Yardi software system. A working knowledge of Defendant's Yardi system was necessary to properly process contracts and invoices as part of Plaintiff's work duties.

31. Throughout Fall of 2015, Waters continued to treat Plaintiff in an unfriendly and distant manner, such as avoiding eye contact, to such an extent that it interfered with Plaintiff's work.

32 Around November 16, 2015, Waters met with Plaintiff to review her work performance evaluation of Plaintiff. Plaintiff was shocked by Waters arbitrarily rating her with a "2-Improvement Needed" for the "Productivity" category. Plaintiff discussed with Waters her concerns about the arbitrary rating and how it was completely inconsistent with their discussion about her work performance in October 2015.

33. When asked to justify her evaluation of Plaintiff for "Productivity," Waters explained that the evaluation was not based on Plaintiff's productivity for the past year, but for the work that Waters anticipated Plaintiff would receive in 2016—work yet to be assigned.

34. Waters offered to upgrade her evaluation of Plaintiff's productivity from a "2" to a "2.5" if Plaintiff would sign the evaluation. Plaintiff reluctantly agreed—even though she disagreed with Waters' arbitrary evaluation for "future" work—because there was no internal appeal process. A true copy of Plaintiff's work evaluation from October/November 2015 is attached hereto as Exhibit C and incorporated herein by reference.

6

35. On information and belief, Waters unreasonable and erroneous work performance evaluation of Plaintiff's productivity was an initial step for Waters to be able to "build a case" against Plaintiff for pretextual purposes of ultimately terminating her employment because a of her age along with her not "fitting in" with other managers and employees because of her age.

36. Also around this time, Waters was directing Plaintiff not to attend various meetings and refused to require a coworker to respond to her emails and/or phone calls in an effort to keep Plaintiff isolated from her peers to "justify" an upcoming termination of Plaintiff for pretextual purposes.

37. In December 2015, Plaintiff complained to Defendant's managers about the hostility Plaintiff faced in the workplace because of her age. However, Defendant's managers failed to remediate the hostile work environment that Plaintiff was required by default to continue to endure.

38. On January 13, 2016, Defendant's human resources ("HR") manager called Plaintiff into the HR manager's office for a meeting. In addition to Defendant's HR manager, Waters was also present at this meeting via telephone. During this meeting, Defendant informed Plaintiff that her employment was terminated effective immediately.

39. Defendants provided Plaintiff with no reason for the termination even though Plaintiff had worked for Defendant for a collective period of 15 years without ever receiving any disciplinary sanction or counseling.

## FIRST CLAIM FOR RELIEF:
### (Age Discrimination under ADEA)

40. The foregoing allegations are hereby realleged and fully incorporated herein by reference as if fully set forth herein.

41. On information and belief, Defendant intentionally discriminated against Plaintiff because of her age in violation of the ADEA when it terminated Plaintiff's employment effective January 13, 2016 for no legitimate business purpose.

42. Although Defendant did not inform Plaintiff as to the reason why it terminated her employment, any "reason" Defendant asserts now (and allegedly then) is not the true reason, but instead serves as a pretext to discriminate against Plaintiff because of her age.

43. On information and belief, following her termination, Plaintiff's job duties were assumed by an individual(s) who was (were) substantially younger than Plaintiff and also lacked Plaintiff's experience.

44. As a direct and proximate result of Defendant's actions, as alleged herein, Plaintiff has suffered harm, losses, and damages in an amount to be proven at trial, but in excess of $25,000.00.

45. On information and belief, Defendant's conduct, as alleged herein, exhibited malice, recklessness, and/or a callous indifference to Plaintiff's rights and protections under the ADEA.

## SECOND CLAIM FOR RELIEF:
(Retaliation under ADEA)

46. The foregoing allegations are hereby realleged and fully incorporated herein by reference as if fully set forth herein.

47. Plaintiff engaged in protected activity pursuant to the ADEA when she complained to Defendant's managers of her concerns about being subjected to age discrimination by Defendant's managers and employees at interval times from September 2015 to December 2015, inclusive.

48. Plaintiff experienced an adverse employment action when Defendant dismissed Plaintiff from her employment effective January 13, 2016.

49. On information and belief, Defendant's dismissal of Plaintiff effective January 13, 2016 was directly and proximately caused by Plaintiff's engagement in protected activity under ADEA on multiple occasions, as alleged herein.

50. On information and belief, Defendant knowingly and intentionally violated Plaintiff's rights and protections under the ADEA when Defendant dismissed Plaintiff from her employment effective January 13, 2016.

51. Any purported "legitimate reason" submitted by Defendant at the time of termination or anytime thereafter is a pretextual "reason" to have discriminated against Plaintiff because of her age.

52. As a direct and proximate result of Defendant's retaliation against Plaintiff, as alleged herein, Plaintiff has incurred harms, losses and other damages in an amount to be determined at trial, but in excess of $25,000.00.

DEMAND FOR JURY TRIAL:

Pursuant to Fed. R. Civ. P. 38 and 42 U.S.C. § 626(c)(2), Plaintiff hereby demands a trial by jury for all triable issues of fact.

PRAYER FOR RELIEF:

WHEREFORE, Plaintiff prays unto the Court as follows:

1. That Plaintiff receive judgment against Defendant for all back pay in the form of lost wages and fringe benefits, from the time of termination through the date of trial less any legally appropriate set-offs, if any, pursuant to 29 U.S.C. § 626(b);

2. That for her retaliation claim, Plaintiff receive judgment against Defendant for any and all compensatory damages she incurred as a result of Defendant's retaliation against her;

3. That the Court issue an order requiring Defendant to reinstate Plaintiff to the position she held at the time of termination with no loss of seniority or benefits, unless reinstatement is not feasible, in which event, the Court issue an order requiring Defendant to pay Plaintiff front pay for a period of time until she is made whole as required by statute, pursuant to 29 U.S.C. § 626(b);

4. That the Court retain jurisdiction over this action until Defendant has fully complied with the order of this Court;

5. That Plaintiff be awarded liquidated and/or punitive damages against Defendant for willful violations of the ADEA, pursuant to 29 U.S.C. § 626(b);

6. That Plaintiff be awarded her costs in this action, including without limitation an award of attorneys' fees, pursuant to 29 U.S.C. § 216(b), as incorporated into the ADEA by 29 U.S.C. § 626(b) and pursuant to 42 U.S.C. § 1988.

7. That Plaintiff receive a jury trial on all matters so triable; and

8. That the Court grant Plaintiff such other and further relief as the Court deems just and proper.

This the 14th day of July, 2016.

BAILEY & DIXON, LLP


/s/ J. Heydt Philbeck
J. HEYDT PHILBECK
434 Fayetteville Street, Suite 2500
Raleigh, North Carolina 27601
Telephone: (919) 828-0731
Facsimile: (919) 828-6592
Email: hphilbeck@bdixon.com
N.C. State Bar # 19379

*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
DURHAM DIVISION
CIVIL ACTION NO. 1:16-cv-603

| | | |
|---|---|---|
| VETINA L. ANDREWS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CERTIFICATE OF SERVICE |
| | ) | |
| WOOD REAL ESTATE | ) | |
| INVESTORS, L.L.C., | ) | |
| | ) | |
| Defendant. | ) | |

I HEREBY CERTIFY that on this date and pursuant to LR 5.4, I electronically filed the foregoing proposed AMENDED COMPLAINT with the Clerk of Court for the U.S. District Court, MDNC using the CM/ECF system, which should send notification of such filing to the counsel for the parties listed below, who are believed to be CM/ECF participants.

This the 20th day of July 2015.

BAILEY & DIXON, LLP

/s/ J. Heydt Philbeck
J. HEYDT PHILBECK
434 Fayetteville Street, Suite 2500
Raleigh, North Carolina 27602-1351
Telephone: (919) 828-0731
Facsimile: (919) 828-6592
Email: hphilbeck@bdixon.com

SERVED ON:
Paul S. Holscher, Esq.
Ted N. Kazaglis, Esq.
Jackson Lewis P.C.
3737 Glenwood Avenue, Ste. 450
Raleigh, NC 27612
Email: Paul.Holscher@jacksonlewis.com
Kazaglis@jacksonlewis.com

12